# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | CHAPTER 7 |
|  | ) |  |
| TZEW HOLDCO LLC, *et al.*,[1] | ) | CASE NO. 20-10910 (KBO) |
|  | ) | (Jointly Administered) |
| Debtor. | ) |  |
| _____ | ) |  |
|  |  |  |
| JEOFFREY L. BURTCH, Chapter 7 Trustee, | ) ) ) | |
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | ADV. CASE NO. 22-50255 (KBO) |
|  | ) |  |
| TYLER ZACHEM, an individual, | ) |  |
| DAVID BASTO, an individual, | ) |  |
| JOHN OVERBAY, an individual, | ) |  |
| JOHN MALLOY, an individual, | ) |  |
| JEFFREY FRIENT, an individual, | ) |  |
| MICHAEL SHORT, an individual, | ) |  |
| DAVID TOLMIE, an individual, and | ) |  |
| JEFFREY DANE, an individual, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
| _____ |  |  |

**PLAINTIFF'S MOTION TO WITHDRAW REFERENCE OF
THIS ADVERSARY PROCEEDING TO THE DISTRICT COURT
PURSUANT TO 28 U.S.C. § 157 BASED UPON JURY TRIAL DEMAND**

The Plaintiff, Jeoffrey L. Burtch (the "Trustee" or "Plaintiff"), Chapter 7 Trustee of the estates of the above-captioned Debtors, pursuant to 28 U.S.C. § 157(d)[2] and Bankruptcy Court

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each entity's federal tax identification number and respective bankruptcy case numbers, are: (i) TZEW Holdco LLC (0252), 20-10910 (KBO); (ii) PP Group, LLC f/k/a Apex Parks Group, LLC d/b/a TZEW, LLC (5579), 20-10911 (KBO); (iii) PP Property Holdings, LLC f/k/a Apex Real Property Holdings, LLC (1013), 20-10912 (KBO); (iv) PP Parks Beverage Company, LLC f/k/a Speedzone Beverage company, LLC (2339), 20-10913 (KBO); (v) PP Parks Holdings, LLC f/k/a Speedzone Holdings, LLC (7913), 20-10914 (KBO); (vi) PP Parks Management, LLC f/k/a Speedzone Management, LLC (2937), 20-10915 (KBO); and (vii) TZEW Intermediate Corp d/b/a TZEW Corp. (1058), 20-10916 (KBO).

[2] Provides in relevant part that: "(d) [t]he district court may withdraw, in whole or in part, any case or

Local Rule 5011-1, files this Motion to Withdraw Reference of this Adversary Proceeding to the District Court Based Upon a Jury Trial Demand (the "Motion"), and says:

### Introduction

1. By this Motion, the Trustee seeks to withdraw the mandatory reference of this adversary proceeding,[3] currently pending before the Bankruptcy Court, to the District Court for a jury trial, but only when the case is trial ready to promote judicial economy and a timely resolution. For the reasons described herein, good cause exists for the relief sought based upon the Trustee's jury trial demand and the lack of the consent of the parties to the Bankruptcy Court conducting the jury trial.

### Facts Supporting Relief Requested

2. On April 7, 2022, the Trustee filed his Complaint for Damages and Other Relief and Demand for Jury Trial [D.I. 1] in the above-captioned adversary proceeding (the "Adversary Proceeding"). In the Complaint, the Trustee seeks an award of damages and other relief against certain of the Debtors' former directors and officers for alleged breaches of their fiduciary duties under Delaware law and other applicable law.

3. By Order dated May 3, 2022, the Bankruptcy Court established a briefing schedule setting the deadlines of: (i) July 15, 2022, for Defendants to respond to the Complaint; (ii) September 14, 2022, for Plaintiff's opposition response, if any; and (iii) October 14, 2022, for Defendants' reply. [D.I. 15].[4]

---

proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

[3] https://www.ded.uscourts.gov/sites/ded/files/general-orders/AmendedTitle11Order_2-29-12.pdf
(Amended Standing Order of Reference of the District Court of Delaware dated February 29, 2012).

[4] By Order dated July 12, 2022, the Bankruptcy Court approved the parties' Stipulation to: (i) Increase

4. On July 15, 2022, Defendants filed their Motion to Dismiss or Abstain [D.I. 22] and Joint Brief in Support thereof [D.I. 23], with Defendants Michael Short and Jeffrey Dane filing a Supplemental Memorandum of Law in Support of their Motion [D.I. 24], along with Declarations in support thereof [D.I. 25, 26].

5. By Order dated September 1, 2022, the briefing schedule was extended such that the deadline for the Trustee to file a response to Defendants' pending motions is October 14, 2022, and each Defendant may reply to the Trustee's opposition by December 2, 2022 [D.I. 30].

## Legal Argument

### A. Plaintiff is Entitled to a Jury Trial and Does Not Consent to a Jury Trial by the Bankruptcy Court.

6. In accordance with the Seventh Amendment of the United States,[5] Plaintiff and Defendants are entitled to a jury trial in this adversary proceeding, as Plaintiff's D&O claims are "legal" in nature and involve the adjudication of "private rights." *Granfinanciera, S.A. v. Nordbert*, 492 U.S. 33, 42 n. 4 (1989).

7. 28 U.S.C. §157(e) provides that a bankruptcy court may not conduct a jury trial without the consent of all parties:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specifically designated to exercise such jurisdiction by the district court and with the ***express consent of all the parties***.

28 U.S.C. § 157(e) (emphasis added).

8. Here, Plaintiff has demanded a jury trial and has advised of his non-consent to a

---

Page Limitation on Motion to Dismiss Briefings: and (ii) Continue Rule 7016-1 Conference [D.I. 20]. Thereafter, the Bankruptcy Court cancelled the July 19, 2022, Pretrial Conference [D.I. 21].

[5] States in relevant part that "[in] Suits at common law, where the value of the controversy shall exceed twenty dollars, the right to a trial by jury shall be preserved . . . " *U.S. Const. Amend. VII.*

jury trial by the Bankruptcy Court (Complaint, ¶ 100).[6] For this reason alone, the Bankruptcy Court cannot conduct the jury trial of this adversary proceeding. See *Beard v. Braunstein*, 914 F.2d 434, 447 (3d Cir. 1990).

### B. Cause Exists to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d) and (e).

9. A district court may withdraw the reference for cause shown. See 28 U.S.C. § 157(d) (district court "may withdraw, in whole or in party, any [case referred to the bankruptcy court] on its own motion or on timely motion of any party, ***for cause shown***."). (emphasis added).

10. Here, sufficient "cause" exists to withdraw the reference, as courts in this and other districts have consistently held that the inability of a bankruptcy court to conduct jury trial coupled with a demand for one and the non-consent of all parties to a trial by the bankruptcy court, provides sufficient "cause" to withdraw the reference. *See, e.g.*, *Antico Vacca Techs., Inc. v. Etched Media Corp. (In re Gruppo Antico, Inc.)*, No. 02-13283 (PJW), 04-53358, Civ. A. 04-1461-KAJ, 2005 WL 3654215, at *1-2 (D. Del. July 1, 2005) (withdrawing reference of entire adversary proceeding because defendants were entitled to a jury trial); *Gumport v. Growth Fin. Corp. (In re Transcon Lines)*, 121 B.R. 837, 838–45 (C.D. Cal. 1990) (same); *Fimsa, Inc. v. Marina Bay Drive Corp. (In re Marina Bay Drive Corp.)*, 123 B.R. 222 (S.D. Tex. 1990) (withdrawing the reference "because bankruptcy courts may not conduct jury trials").

11. Accordingly, in light of the Bankruptcy Court's inability to conduct a jury trial,

---

[6] States that the:

> Trustee hereby: (i) demands a trial by jury on all claims and issues triable by such; and (ii) requests in regard to such demand that the reference to the Bankruptcy Court not be withdrawn unless and until all discovery and all pre-trial motions and matters, including case dispositive motions, are disposed of and otherwise adjudicated by the Bankruptcy Court. ***The Trustee specifically does not consent to a jury trial by and before the Bankruptcy Court.***

(emphasis added).

cause exists to withdraw the reference.

### C. All Pretrial Matters Should be Heard and Decided by the Bankruptcy Court until the Case is Trial Ready.

12. Finally, if the reference is withdrawn, the Trustee requests that all pre-trial matters, including case dispositive motions,[7] be heard and decided by the Bankruptcy Court with the submission of proposed findings of fact and conclusions of law to the District Court for its *de novo* review of any ***final order or judgment*** pursuant to 28 U.S.C. § 157(c)(1).

13. Thereafter, the reference can be withdrawn to the District Court to conduct the jury trial when the case is trial ready, thereby promoting judicial economy and a timely resolution. *See, e.g.*, *In re AgFeed USA, LLC*, 565 B.R. 556 (D. Del. 2016) (concluding that consideration of all of the appropriate factors favored denying defendants' motions to withdraw the reference of a non-core matter at the pretrial stage, as permitting the bankruptcy court to oversee pretrial matters in the non-core proceeding, and withdrawing it only when it is ripe for a jury trial, promotes judicial economy and a timely resolution, notwithstanding that the bankruptcy court will not be able to enter a final judgment as to the non-core claims and must issue proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)); *Feldman v. ABN AMRO Mortg. Grp., Inc.*, 2020 WL 618604 (E.D. Pa. Feb. 10, 2020) (after considering all pertinent factors, finding that defendants did not demonstrate cause for pretrial withdrawal of the reference to the bankruptcy

---

[7] Bankruptcy courts have the power to enter orders on case dispositive motions, such as motions to dismiss, in non-core proceedings. *See Am. Media Inc. v. Anderson Mgmt. Servs., Inc. (In re Anderson News, LLC)*, No. 15-199-LPS, 2018 WL 2337132, 2018 U.S. Dist. LEXIS 86436 (D. Del. May 23, 2018); *Allied Dev. of Alabama LLC v. Forever 21, Inc. (In re Forever 21, Inc.)*, 623 B.R. 53, 57 (Bankr. D. Del. 2020). Irrespective, the Amended Standing Order of Reference of the District of Delaware dated February 29, 2012, provides that the "district court may treat ***any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment*** consistent with Article II of the United States Constitution." (emphasis added).

court notwithstanding the assertion of a Seventh Amendment right to a jury trial in connection with a non-core proceeding, and noting that permitting the bankruptcy court to issue rulings on dispositive motions, and withdrawing the reference only when the case is ripe for a jury trial, promotes both judicial economy and a timely resolution).

### Certification of Counsel under Local Rule 7.1.1.

14. Pursuant to Local District Court Rule 7.1.1., undersigned counsel for Plaintiff certifies that a reasonable effort has been made to reach agreement with Defendants on the matters set forth in the Motion.

### Conclusion

15. Based upon the foregoing, the Trustee's Motion should be granted, and the reference withdrawn when the case its trial ready. A proposed form of Order is attached as Exhibit A to this Motion.

WHEREFORE, the Trustee respectfully moves the Bankruptcy Court for entry of an Order: (i) granting withdrawal of the reference of the Adversary Proceeding pursuant to 28 U.S.C. § 157 for purposes of jury trial only if and when the Adversary Proceeding is trial ready; (ii) keeping the reference to the Bankruptcy Court intact for all pre-trial matters, including case dispositive motions, with the Bankruptcy Court submitting proposed findings of fact and conclusions of law to the District Court for *de novo* review and entry of any final order or judgment pursuant to 28 U.S.C. § 157(c)(1); and (iii) when the case is trial ready, allowing the parties to file a motion for the reference to be withdrawn so that the United States District Court for the District of Delaware may conduct the jury trial.

Respectfully submitted this 27th day of September, 2022.

        LAW OFFICE OF SUSAN E. KAUFMAN, LLC

        By: */s/ Susan E. Kaufman*
        Susan E. Kaufman (DSB# 3381)
        919 North Market Street, Suite 460
        Wilmington, DE 19801
        (302) 472-7420
        (302) 792-7420 Fax
        Email: skaufman@skaufmanlaw.com

        *Attorneys for the Chapter 7 Trustee*

        David C. Cimo, Esq.
        Marilee A. Mark, Esq.
        CIMO MAZER MARK PLLC
        100 S.E. 2nd Street, Suite 3650
        Miami, FL 33131
        Tel: (305) 374-6480
        Fax: (305) 374-6488
        Email: dcimo@cmmlawgroup.com
        Email: mmark@cmmlawgroup.com

        *Special Litigation Counsel for the Chapter 7 Trustee*