IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: TZEW HOLDCO LLC, *et al.*, | Chapter 7 |
| Debtors. | Bankr. Case No. 20-10910-KBO |
| | Adv. No. 22-50255-KBO |
| JEOFFREY L. BURTCH, Chapter 7 Trustee, | |
| Plaintiff, | |
| v. | Civ. No. 22-1268-GBW |
| TYLER ZACHEM, an individual, DAVID BASTO, an individual, JOHN OVERBAY, an individual, JOHN MALLOY, an individual, JEFFREY FRIENT, an individual, MICHAEL SHORT, an individual, DAVID TOLMIE, an individual, JEFFREY DANE, an individual, | |
| Defendants. | |

## MEMORANDUM

Before the Court is the motion (D.I. 1) ("Motion to Withdraw the Reference") of Jeoffrey L. Burtch, as Chapter 7 Trustee ("Trustee"), plaintiff in the above-captioned adversary proceeding ("Adversary Proceeding")[1] currently pending in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), seeking an order withdrawing reference of the Adversary Proceeding, pursuant to 28 U.S.C. § 157(d) "but only when the case is trial ready." (D.I. 1 at 2). For the reasons set forth herein, the Motion to Withdraw the Reference is denied without prejudice to Trustee's right to renew his request at such time as the Adversary Proceeding is ready for a jury trial.

---

[1] The docket of the Adversary Proceeding, captioned *Burtch v. Zachem, et al.*, Adv. No. 22-50255-KBO (Bankr. D. Del.), is cited herein as "Adv. D.I. __." The docket of the Chapter 7 cases, captioned *In re TZEW Holdco LLC*, No. 20-10910-KBO (Bankr. D. Del.), is cited herein as "Bankr. D.I. __."

1

## I. BACKGROUND

On April 8, 2020, TZEW Holdco LLC, together with certain affiliates ("Debtors") filed voluntary cases under chapter 11 of the Bankruptcy Code. (Bankr. D.I. 1). On February 17, 2021, the Debtors' chapter 11 cases were converted to cases under chapter 7 of the Bankruptcy Code, and the Trustee was appointed. (Bankr. D.I. 552, 553).

On April 7, 2022, the Trustee filed his Complaint for Damages and Other Relief and Demand for Jury Trial (Adv. D.I. 1) initiating the Adversary Proceeding. In the Complaint, the Trustee seeks an award of damages and other relief against certain of the Debtors' former directors and officers for alleged breaches of their fiduciary duties under Delaware law and other applicable law.

On July 15, 2022, Defendants filed their Motion to Dismiss or Abstain (Adv. D.I. 22) and Joint Brief in Support thereof (Adv. D.I. 23), with Defendants Michael Short and Jeffrey Dane filing a Supplemental Memorandum of Law in Support of their Motion (Adv. D.I. 24), along with Declarations in support thereof (Adv. D.I. 25, 26).

Notwithstanding the ongoing briefing on the dispositive Motions to Dismiss, on September 27, 2022, Trustee filed the Motion to Withdraw the Reference. On October 28, 2022, Trustee filed his Omnibus Response Brief in Opposition (Adv. D.I. 39) ("Opposition") to the Motion to Dismiss or Abstain. On December 19, 2022, Defendants filed their Joint Reply Brief in Further Support of Defendants' Motion to Dismiss or Abstain, along with supplemental briefs and declarations (Adv. D.I. 42, 43, 44, 45) (collectively, the "Reply"). On February 1, 2023, Defendants filed a Notice of Subsequent Authority (Adv. D.I. 51). Per the Bankruptcy Court's Order dated March 23, 2023, Trustee shall have through March 30, 2023 to file a Sur-Reply. (Adv. D.I. 67). Thus, briefing on the dispositive Motion to Dismiss has not yet concluded. The docket of the Adversary Proceeding reflects no discovery or other recent activity.

Briefing on the Trustee's Motion to Withdraw the Reference is complete. (*See* D.I. 1, Adv. D.I. 15, D.I. 3). The Court did not hear oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

## II. JURISDICTION AND STANDARDS OF REVIEW

District courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Pursuant to the authority granted by 28 U.S.C. § 157(a), this Court refers cases arising under title 11 to the Bankruptcy Court. *See* Am. Standing Order of Reference, Feb. 29, 2012 (C.J. Sleet). "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). With respect to such permissive withdrawal, "[t]he 'cause shown' requirement in section 157(d) creates a presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy." *Hatzel & Buehler, Inc. v. Cent. Hudson Gas & Elec. Corp.*, 106 B.R. 367, 371 (D. Del. 1989) (internal quotations omitted). To overcome that presumption, the moving party has the burden to prove that cause exists to withdraw the reference. *See In re NDEP Corp.*, 203 B.R. 905, 907 (D. Del. 1996).

As noted by the Third Circuit, "cause" to withdraw the reference "will be present in only a narrow set of circumstances." *In re Pruitt*, 910 F.2d 1160, 1171 (3d Cir. 1990) (internal quotation marks and citations omitted). Although the statute does not define "cause shown," the Third Circuit has set forth five factors that may be considered in determining whether cause exists to withdraw the reference: (1) promoting uniformity in bankruptcy administration, (2) reducing forum shopping and confusion, (3) fostering the economical use of the debtors' and creditors' resources, (4) expediting the bankruptcy process, and (5) the timing of the request for withdrawal.

3

*See Pruitt*, 910 F.2d at 1168 (discussing non-exhaustive list of factors). Other factors considered by courts analyzing whether withdrawal is appropriate are whether the claim is a core bankruptcy proceeding or whether it is non-core, and whether the parties have requested a jury trial. *In re NDEP*, 203 B.R. at 908 (citing *Hatzel,* 106 B.R. at 371, and *In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir.1993)).

### III. ANALYSIS

Trustee's Motion to Withdraw the Reference does not mention, let alone address, the *Pruitt* factors. Trustee simply argues that his right to a jury trial, which the Bankruptcy Court cannot conduct, and his unwillingness to consent to the Bankruptcy Court's adjudication of same, constitutes sufficient "cause" for withdrawing the reference as it will "promote judicial economy and timely resolution." (D.I. 1 at 3). Trustee concedes that "all pre-trial matters, including case dispositive motions" should be heard and decided by the Bankruptcy Court. *See General Elec. Capital Corp. v. Teo,* 2001 WL 1715777, at *4 (D. N.J. Dec. 14, 2001) ("Even when a district court must ultimately preside over a trial by jury, there is no reason why the Bankruptcy Court may not preside over an adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial"). Trustee maintains, however, that entry of an order withdrawing reference of the Adversary Proceeding at a future, possible date is somehow appropriate now. According to Defendants, the fact that Trustee has demanded a jury trial is insufficient to establish cause to withdraw the Adversary Proceeding at this time. I agree with Defendants.

Although Trustee may be entitled to a jury trial, his potential entitlement at some future date is not sufficient grounds to withdraw the reference at this time. Rather,"[w]ithdrawal of the reference based on the ground that a party is entitled to a jury trial should be deferred until the case is 'trial ready.'" *In re Big V Holding Corp.,* 2002 WL 1482392, at *5 (D. Del. July 11, 2002)

4

(citing *In re Northwestern Institute of Psychiatry, Inc.*, 268 B.R. 79, 84 (E.D. Pa. 2001) and *Barlow & Peek, Inc. v. Manke Truck Lines, Inc.*, 163 B.R. 177, 179 (D. Nev. 1993) (refusing to withdraw reference until "it is clear that a jury trial will be necessary and that the case is prepared and ready for such trial to commence")).

Although assertion of a right to jury trial coupled with refusal to consent to such trial before the bankruptcy court is not "itself sufficient cause for discretionary withdrawal," it is one of the factors the Court considers. *See Official Comm. of Unsecured Creditors v. Fed. Indus. Prods.*, 2007 WL 211179 at *2 (D. Del. Jan. 26, 2007). "Withdrawal of the reference ... depends on particular circumstances of each case, including whether the case is likely to reach trial" but generally "such a right [to jury trial] does not compel withdrawing the reference until the case is ready to proceed to trial." *Schneider v. Riddick (In re Formica Corp.)*, 305 B.R. 147, 150 (S.D.N.Y. 2004); *Hunnicutt Co. v. TJX Cos. (In re Ames Dep't Stores)*, 190 B.R. 157, 162 (S.D.N.Y. 1995). In deciding whether to withdraw a case from the bankruptcy court based on a jury demand, courts consider (1) whether the case is likely to reach trial; (2) whether protracted discovery with court oversight will be required; and (3) whether the bankruptcy court is familiar with the issues presented. *In re Enron Corp.*, 317 B.R. 232, 235 (S.D.N.Y. 2004).

With respect to the first factor, the case remains in the earliest stages of litigation. Briefing on dispositive motions is not yet even complete. The pending motions to dismiss may prevent the matter from ever proceeding to trial. "One can only speculate when it will proceed to trial, if at all." *In re Enron*, 317 B.R. at 235. With respect to the second factor—whether protracted discovery with court oversight will be required—given the stage of the matter, it is unclear at this point whether any discovery *at all* will required. Assuming Defendants do not prevail on their Motion to Dismiss or Abstain, however, it is safe to assume that significant discovery—and Bankruptcy Court oversight of same—would be required to adjudicate a Complaint which asserts

5

breach of fiduciary duty claims against eight separate individuals. Finally, with respect to the third factor—whether the Bankruptcy Court is familiar with the issues presented—the Bankruptcy Court here has overseen the Debtors' cases for almost three years, is already familiar with the facts of both the Adversary Proceeding and the Chapter 7 cases, and is therefore in the best position to adjudicate pretrial motions and discovery disputes.

## IV. CONCLUSION

For the reasons explained above, the Court will deny the Motion to Withdraw the Reference of the Adversary Proceeding without prejudice to the Trustee's right to renew his request at such time as it is ready for jury trial. A separate Order will be entered.

March 28, 2023

_____
UNITED STATES DISTRICT JUDGE